IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KIM MCMANUS, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civ. No. 14-593-RGA |
| JUSTICE OF THE PEACE COURT #13 and EAST POINTE APARTMENTS, | : | |
| Defendants. | : | |

Kim McManus, Claymont, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 14, 2014
Wilmington, Delaware

*signature* 
ANDREWS, U.S. District Judge:

Plaintiff Kim McManus filed this action alleging discrimination in public housing. She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that she was illegally evicted from her apartment on April 23, 2014. A constable appeared to evict Plaintiff with an eviction notice that stated Plaintiff was appealing. The constable sought guidance from the Court of Common Pleas and was told the case was on appeal, and he should stay the eviction. The constable then called his supervisor at Defendant Justice of the Peace Court #13 and was told to continue with the eviction. The top lock to the apartment was changed.

Plaintiff was advised by the constable that to regain entry, she needed to file a motion to stay and pay the $169.00 owed on the judgment. Plaintiff followed his instructions, and her motion to stay was granted by the judge. Defendant East Pointe Apartments advised Plaintiff that it would not give her a key and access to the apartment until the Justice of the Peace Court told it to. Plaintiff has filed several other motions to stay since that time, all denied. She and her family are currently residing in a motel but, from frequent visits to the apartment, it appears that she still lives there. Plaintiff indicates that the matter is currently on appeal, and has filed a motion to stay this matter pending the appeal. (D.I. 5).

Plaintiff seeks compensation from the Justice of the Peace Court for monies spent on food and hotel costs, and possession of the apartment.

While the Complaint asserts jurisdiction by reason of a federal question (*i.e.*, discrimination in a public housing), the Court perceives no basis for federal jurisdiction. In addition, there is no diversity jurisdiction. The Complaint, and the civil cover sheet, indicate that, at the time she initiated this lawsuit, Plaintiff was a citizen of the State of Delaware, as are Defendants. Hence, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a) (for diversity jurisdiction the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs); *id.* at § 1332(a)(1) (for diversity jurisdiction the matter in controversy must be between citizens of different States). Accordingly, the Court lacks subject matter jurisdiction over this matter.

For the above reasons, the Court will dismiss the motion to stay (D.I. 5) and will dismiss the Complaint for lack of subject matter jurisdiction.[1] Amendment is futile.

An appropriate order will be entered.

---

[1] It also appears that the Court must abstain by reason of the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), and/or the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).